CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 1 2019

JULIA G. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELIZABETH J. ELSWICK, | ) | CASE NO. 7:18CV00529 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| TAZEWELL COUNTY DEPT. OF SOCIAL SERVICES, ET AL., | ) | Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Elizabeth J. Elswick, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that she did not receive notice of certain Child Protective Services ("CPS") matters in 2015, in violation of her rights. After review of the record, the court concludes that this civil action must be summarily dismissed without prejudice as frivolous.

I.

Authorities filed a criminal complaint against Elswick in Tazewell County General District Court on July 7, 2015, charging her with manufacturing, and conspiracy to manufacture methamphetamine; possessing precursors to manufacture that substance, and child endangerment. These charges arose after an investigation and execution of a search warrant concluded that Elswick had manufactured methamphetamine with another person at a residence while a juvenile was also present in the residence. A grand jury later returned an indictment that was sealed and first served on Elswick in April 2016. She pleaded guilty later that year to multiple charges, and in February 2017, she was sentenced to prison time. Elswick is currently confined at Deerfield Women's Work Center in Capron, Virginia.

Elswick has learned from officials at CPS in Tazewell County that this agency conducted several investigations of allegations concerning Elswick in 2014 and 2015. Most of these matters concluded with investigators ruling the allegations to be unfounded. In a letter in early March of 2017, a CPS official informed Elswick:

> The only allegation regarding you in our system which was investigated in July 2015 involved your granddaughter who was in your home during the manufacture of a controlled substance. You were considered a caretaker. That investigation was founded and will remain in our information system 18 years from the date of the referral. The record shows you did not file an appeal on this finding [to the Virginia Department of Social Services ("DSS")].

Compl. Attach. 11, ECF No. 1-1. A letter to Elswick from the DSS in December 2017 indicated that "according to the state database [Elswick] did not submit an appeal request to the local agency within 30 days after [she was] notified of the founded disposition dated September 7, 2015." Id. at 12. Since that appeal time has long since expired, the DSS "no longer has authority to exercise jurisdiction over the local agency's disposition in [Elswick's] case." Id. Elswick states that CPS officials never notified her of any of their investigations or their findings. Specifically, she asserts that CPS did not provide her notice of the September 7, 2015, founded disposition, which prevented her from pursuing an appeal to DSS. Elswick insists that the child present at the crime scene on July 7, 2015, was SJ, her codefendant's daughter, who is not Elswick's granddaughter.

Elswick filed this "Civil Rights Complaint" in October 2018 against the Tazewell County Department of Social Services; Edwina Crawford, CPS Supervisor; and CPS Social Workers Jami Nunley and Misty Vance. Id. at 2. She accuses the defendants of being "criminally liable" for allowing a child to be endangered, and of being "negligent in their performance and duties, even to the point of being reckless and escape responsibility when being sued." Id. at 6, 9. She complains that "misrepresentation" by CPS prevented her "from properly constructing or raising

the claim in a timely manner." Id. at 10. Elswick states that she did not bring this action to alter her criminal conviction or to obtain monetary damages stemming from her conviction or incarceration.[1] Rather, she asserts, her "reasons for writing the court were nothing more than justice." Id. at 4.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Because Elswick does not clearly identify her intended cause of action and appears to be claiming violations of her constitutional rights, the court has construed her complaint as arising under § 1983, seeking declaratory relief. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated her constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

As an initial matter, Elswick cannot bring a court action to have the defendants investigated or prosecuted for possible crimes. Private individuals, like Elswick, simply have no constitutional right to, or any judicially cognizable interest in, the prosecution of another person. Diamond v. Charles, 476 U.S. 54, 64-65 (1986). Elswick also has no viable federal claim that

---

[1] Elswick submits a copy of an order from the Tazewell County Circuit Court, denying Elswick's pro se motion for reconsideration of sentence filed March 26, 2017. The order, dated April 12, 2017, states, "Upon consideration of the Defendant's motion, the Court has determined that there were no circumstances in mitigation of the offenses that were not previously considered, and that it would not be in the interest of justice to grant said motion." Compl. Ex. 2, ECF No. 1-1.

3

the defendants, as governmental officials, failed to act within the law in any way. Allen v. Wright, 468 U.S. 737, 754 (1984) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court"). Accordingly, any § 1983 claim in which Elswick may be attempting to have the defendants criminally prosecuted or reprimanded for unlawful acts is legally frivolous.

Liberally construed, Elswick's pleading also alleges that the defendants somehow failed to act with due care during the September 2015 investigation—that they negligently concluded Elswick was a caregiver to the child at issue, and then failed to notify Elswick that the investigation determined the allegations against her to be founded. Because of their alleged negligence, Elswick lost her opportunity to appeal that disposition to DSS to remove it from their records. She also appears to allege that CPS negligently failed to protect the child present in the residence during Elswick's offense conduct. Negligent acts by governmental officials are not sufficient to implicate Elswick's constitutional rights and are, therefore, not actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

## III.

For the stated reasons, the court concludes that Elswick's allegations in her complaint do not provide a legal or factual basis for any actionable § 1983 claim. Accordingly, the court will summarily dismiss the action without prejudice under § 1915A(b)(1) as frivolous.[2] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Elswick.

**ENTER:** This 11th day of January, 2019.

_____
Senior United States District Judge

---

[2] Elswick previously filed a lawsuit raising similar allegations in the United States District Court for the Eastern District of Virginia, Elswick v. Crawford, Action No. 2:18cv78 (E.D. Va. Oct. 26, 2018), and submits a copy of the dismissal order. The Eastern District gave Elswick three opportunities to amend her complaint. After the second attempted complaint was still unclear and she failed to submit any response thereafter, the court dismissed the action without prejudice, noting: "Plaintiff has not provided the Court with sufficient information regarding her claims to justify transferring this action pursuant to 28 U.S.C. § 1406(a)" to this court. See Compl. Exh. 7, ECF No. 1-1.